**McElroy Deutsch**

1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962-2075
**T:** 973.993.8100 | **F:** 973.425.0161
**MDMC-LAW.COM**

KATHLEEN N. FENNELLY
Direct Dial: (973) 401-7106
tcurtin@mdmc-law.com

December 29, 2023

**VIA ECF**
Hon. Douglas E. Arpert, U.S.M.J.
Clarkson S. Fisher Building
& U.S. Courthouse
402 East State Street Room 2020
Trenton, NJ 08608

   Re: **Azurity Pharmaceuticals, Inc. v. Novitium Pharma, LLC**
      **Civil Action No. 23-23315 (GC)(DEA)**

Dear Judge Arpert:

  This firm, along with our co-counsel Taft, Stettinius & Hollister LLP, represents defendant Novitium Pharma LLC ("Novitium"). We write to request a one-cycle adjournment of Plaintiff's Motion to Enforce Third Party Subpoena to Novitium Pharma LLC and to Compel a Deposition (D.E. 1), in light of the Christmas and New Year's holiday. The motion is currently returnable on January 16, 2024, with opposition due on January 2, 2024. Instead of simply consenting to this request for a one-cycle adjournment, counsel for Plaintiff offered to modify the briefing schedule, and keep the January 16, 2024 return date.

  In the course of on-going discussions with counsel for Plaintiff regarding the enforcement of the subpoenas that are the subject of this motion, as evidenced by the attached email chain, counsel for Plaintiff made it clear that Plaintiff was going to file a motion to enforce the subpoenas in mid-November. Instead, Plaintiff waited for six weeks until Friday, December 22, 2023 – the Friday before the Christmas holiday – to file the motion, knowing that Novitium's opposition papers would be due on January 2, 2024, the day after the New Year's holiday weekend. The timing of the filing of the motion puts Novitium at a disadvantage, as Bionpharma counsel and other Bionpharma decision-makers necessary to oppose the motion were not available over the holidays.

  We anticipate that Novitium will object to the adjournment request because discovery in the underlying litigation closes on March 5, 2024. However, any alleged prejudice is of its own making, by delaying the filing of the motion for six weeks.

  If the request is granted, the new return date will be February 5, 2024.

McElroy, Deutsch, Mulvaney & Carpenter, LLP
COLORADO · CONNECTICUT · DELAWARE · FLORIDA · MASSACHUSETTS · NEW JERSEY · NEW YORK · PENNSYLVANIA · RHODE ISLAND

# McElroy Deutsch

Hon. Douglas E. Arpert, U.S.M.J.
December 29, 2023
Page 2

      I have included a "So Ordered" provision at the end of this letter in the hope that it is acceptable to the Court.

                        Respectfully submitted,

                  McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

                        *s/ Kathleen N. Fennelly*

                          KATHLEEN N. FENNELLY

cc: All counsel (via ECF)

**SO ORDERED** this __29th__ day of December, 2023.

_____
HON. DOUGLAS E. ARPERT

# Kathleen N. Fennelly

| | |
|---|---|
| **From:** | Kaufman, Granville <gkaufman@wsgr.com> |
| **Sent:** | Tuesday, November 14, 2023 7:47 PM |
| **To:** | Shannon, Luke T.; Luhring, Alec; Megan C. Haney; Jack Phillips; Alul, Andrew M.; Johnson, Aaron; cjkelly@mayerbrown.com; Racowski, Kenneth (PHL - X49580); Shrestha, Roshan P. |
| **Cc:** | Blumenfeld, Jack; Dellinger, Megan E.; wsgr - Azurity/Bionpharma (505) |
| **Subject:** | RE: Azurity/Bionpharma (Epaned): Hearing Follow-Up |

Counsel,

Azurity signs off on this version of the discovery dispute letter. As Bionpharma has refused to have enforcement of the subpoenas to Novitium heard by Judge Goldberg, Azurity will bring enforcement proceedings in D.N.J. and to recover its related costs. Additionally, Azurity reserves the right to present its own authenticity issue to the Court if the parties are unable to agree to a stipulation.

Regards,

**Granville Clay Kaufman| Associate | Wilson Sonsini Goodrich & Rosati, Professional Corporation**
12235 El Camino Real | San Diego, CA 92130 | T: 213-369-3593 | gkaufman@wsgr.com | www.wsgr.com

---

**From:** Shannon, Luke T. <LShannon@taftlaw.com>
**Sent:** Tuesday, November 14, 2023 2:43 PM
**To:** Kaufman, Granville <gkaufman@wsgr.com>; Luhring, Alec <aluhring@wsgr.com>; Megan C. Haney <mch@PMHDELaw.com>; Jack Phillips <JCP@PMHDELaw.com>; Alul, Andrew M. <AAlul@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; cjkelly@mayerbrown.com; Racowski, Kenneth (PHL - X49580) <Kenneth.Racowski@hklaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>
**Cc:** Blumenfeld, Jack <jblumenfeld@morrisnichols.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; wsgr - Azurity/Bionpharma (505) <Azuritybionpharma505@wsgr.com>
**Subject:** RE: Azurity/Bionpharma (Epaned): Hearing Follow-Up

EXT - lshannon@taftlaw.com

---

Counsel, thank you for your edits. We will agree to the removal of the disputes regarding authenticity for now, with the understanding that Azurity will move diligently towards and agreed-upon stipulation covering its enalapril liquid patent family and its prosecution history, as we've discussed. We do not want this process to drag out for months, and reserve the right to present the authenticity dispute to the Court in the next few weeks if the parties cannot agree on a stipulation.

Finally, please note we have removed the dispute regarding Azurity's objections and responses to Bionpharma's corrected first set of RFAs, for now, as we'd like to take a closer look at Azurity's responses in view of the dismissal of Azurity's patent claims. We reserve the right to present that issue to the Court if Azurity's responses remain deficient with respect to the antitrust claims and defenses in the case.

Please provide your sign off as soon as possible, as Bionpharma would like to get this letter on file tonight.

Best regards,

1

Luke

---

**From:** Kaufman, Granville <gkaufman@wsgr.com>
**Sent:** Tuesday, November 14, 2023 4:03 PM
**To:** Shannon, Luke T. <LShannon@taftlaw.com>; Luhring, Alec <aluhring@wsgr.com>; Megan C. Haney <mch@PMHDELaw.com>; Jack Phillips <JCP@PMHDELaw.com>; Alul, Andrew M. <AAlul@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; cjkelly@mayerbrown.com; Racowski, Kenneth (PHL - X49580) <Kenneth.Racowski@hklaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>
**Cc:** Blumenfeld, Jack <jblumenfeld@morrisnichols.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; wsgr - Azurity/Bionpharma (505) <Azuritybionpharma505@wsgr.com>
**Subject:** RE: Azurity/Bionpharma (Epaned): Hearing Follow-Up

Counsel,

This is not the same letter we sent over this morning. As you noted, Bionpharma deleted portions of the letter which Azurity had added. Azurity needed time to consider Bionpharma's deletions—more time than the hour-and-a-half unilaterally allotted to us. After review, although Azurity disagrees with Bionpharma's reasoning and characterization of the Novitium dispute and believes that Novitium's refusal to assent to jurisdiction in Delaware will needlessly prolong a simple discovery dispute, Azurity will not seek to add those issues into this joint letter.

Regarding the authentication issues, please explain why Bionpharma believes there remains a dispute. Indeed, it appears all that the parties have left to do is identify the bates numbers of the documents they want authenticated. Accordingly, we have deleted the issues from the letter.

Regards,

**Granville Clay Kaufman| Associate | Wilson Sonsini Goodrich & Rosati, Professional Corporation**

12235 El Camino Real | San Diego, CA 92130 | T: 213-369-3593 | gkaufman@wsgr.com | www.wsgr.com

---

**From:** Shannon, Luke T. <LShannon@taftlaw.com>
**Sent:** Tuesday, November 14, 2023 12:24 PM
**To:** Kaufman, Granville <gkaufman@wsgr.com>; Luhring, Alec <aluhring@wsgr.com>; Megan C. Haney <mch@PMHDELaw.com>; Jack Phillips <JCP@PMHDELaw.com>; Alul, Andrew M. <AAlul@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; cjkelly@mayerbrown.com; Racowski, Kenneth (PHL - X49580) <Kenneth.Racowski@hklaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>
**Cc:** Blumenfeld, Jack <jblumenfeld@morrisnichols.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; wsgr - Azurity/Bionpharma (505) <Azuritybionpharma505@wsgr.com>
**Subject:** RE: Azurity/Bionpharma (Epaned): Hearing Follow-Up

EXT - lshannon@taftlaw.com

---

Counsel, the letter we sent you just a few moments ago is exactly the same as the letter you sent us this morning, except that it removes the alleged Novitium disputes from Azurity's section—as we've noted to you when sending over that latest version.  There is nothing further for Azurity to "consider."

The parties have been negotiating this letter for well over a month, and Bionpharma needs resolution of these issues promptly.  We will not let Azurity continue to hold the process hostage by indefinitely delaying the filing of the dispute

2

letter.  Bionpharma will proceed to file its letter this evening.  Azurity is free to file its own letter thereafter, or otherwise to proceed as it wishes.

Best regards,
Luke

**From:** Kaufman, Granville <gkaufman@wsgr.com>
**Sent:** Tuesday, November 14, 2023 2:01 PM
**To:** Shannon, Luke T. <LShannon@taftlaw.com>; Luhring, Alec <aluhring@wsgr.com>; Megan C. Haney <mch@PMHDELaw.com>; Jack Phillips <JCP@PMHDELaw.com>; Alul, Andrew M. <AAlul@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; cjkelly@mayerbrown.com; Racowski, Kenneth (PHL - X49580) <Kenneth.Racowski@hklaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>
**Cc:** Blumenfeld, Jack <jblumenfeld@morrisnichols.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; wsgr - Azurity/Bionpharma (505) <Azuritybionpharma505@wsgr.com>
**Subject:** RE: Azurity/Bionpharma (Epaned): Hearing Follow-Up

Counsel,

We are considering your edits but need more than the hour-and-a-half you unilaterally gave to us to consider your edits. You do not have our permission to file the letter as is.

Regards,

**Granville Clay Kaufman| Associate | Wilson Sonsini Goodrich & Rosati, Professional Corporation**
12235 El Camino Real | San Diego, CA 92130 | T: 213-369-3593 | gkaufman@wsgr.com | www.wsgr.com

**From:** Shannon, Luke T. <LShannon@taftlaw.com>
**Sent:** Tuesday, November 14, 2023 11:07 AM
**To:** Kaufman, Granville <gkaufman@wsgr.com>; Luhring, Alec <aluhring@wsgr.com>; Megan C. Haney <mch@PMHDELaw.com>; Jack Phillips <JCP@PMHDELaw.com>; Alul, Andrew M. <AAlul@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; cjkelly@mayerbrown.com; Racowski, Kenneth (PHL - X49580) <Kenneth.Racowski@hklaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>
**Cc:** Blumenfeld, Jack <jblumenfeld@morrisnichols.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; wsgr - Azurity/Bionpharma (505) <Azuritybionpharma505@wsgr.com>
**Subject:** RE: Azurity/Bionpharma (Epaned): Hearing Follow-Up

EXT - lshannon@taftlaw.com

Counsel:

As you correctly note, Novitium is not a party to these Third Wave Suits any longer.  Moreover, there is no subpoena currently before this Court for Judge Goldberg to enforce, and Novitium cannot consent to Judge Goldberg hearing a motion to enforce that has not even been filed in conformity with Rule 45.  Finally, as you well know, Azurity and Novitium have not even met and conferred on the document requests and deposition topics in Azurity's subpoenas, and we disagree with Azurity assertion that they are "substantially identical to a subset of the RFPs and FRCP 30(b)(6) topics to Novitium for which Azurity and Novitium already reached an impasse," particularly in light of the materially changed circumstances in the Third Wave Suits.

Thus, we have removed the alleged Novitium disputes from Azurity's section.  Attached hereto please find a final version of the draft joint letter for sign off.  Please provide sign off to file the attached version by no later than 3:30 PM EST, or Bionpharma will proceed with filing its own letter.

Best regards,
Luke

---

**From:** Kaufman, Granville <gkaufman@wsgr.com>
**Sent:** Tuesday, November 14, 2023 11:50 AM
**To:** Shannon, Luke T. <LShannon@taftlaw.com>; Luhring, Alec <aluhring@wsgr.com>; Megan C. Haney <mch@PMHDELaw.com>; Jack Phillips <JCP@PMHDELaw.com>; Alul, Andrew M. <AAlul@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; cjkelly@mayerbrown.com; Racowski, Kenneth (PHL - X49580) <Kenneth.Racowski@hklaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>
**Cc:** Blumenfeld, Jack <jblumenfeld@morrisnichols.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; wsgr - Azurity/Bionpharma (505) <Azuritybionpharma505@wsgr.com>
**Subject:** RE: Azurity/Bionpharma (Epaned): Hearing Follow-Up

Counsel,

Attached please find our edits to the joint letter. We do not agree with deletions Bionpharma made to the letter as there were and are live disputes with respect to Novitium that still require adjudication.

Although Novitium is no longer a party to the case, Azurity still needs discovery from Novitium.  Azurity served document and deposition subpoenas on Novitium last November (before Novitium was a party to the present case).  The requests and topics from those subpoenas for which Azurity still seeks discovery are substantively identical to a subset of the RFPs and FRCP 30(b)(6) topics to Novitium for which Azurity and Novitium already reached an impasse.  Thus, to streamline the dispute process, Azurity asks that Novitium consent to Judge Goldberg hearing the dispute and, more specifically, the impasse reached for those identical requests/topics in the November 11, 2022 subpoenas. Please note that if Novitium refuses to cooperate, Azurity will bring a motion to enforce the subpoenas and will seek to recuperate any costs incurred in such enforcement efforts.

Regarding the authentication issues, Bionpharma appears determined to create a dispute here when none should exist.  Azurity has no objection to adding additional prosecution histories, but we have to review the Mosher exhibits to ensure that they are complete and accurate copies.  We are doing so.  As for Bionpharma's, ANDA, supplements thereto, and communications with the FDA, we would expect that Bionpharma could readily identify the Bates numbers for such documents.  But, as it appears you are unwilling to do so, we will undertake the effort to identify such documents.  We will provide a stipulation once we have located those documents in your production.  As it appears the parties are merely discussing logistics, if Bionpharma will remove the authentication issue from its portion of the joint letter, Azurity will do so as well.

Regards,

**Granville Clay Kaufman| Associate | Wilson Sonsini Goodrich & Rosati, Professional Corporation**
12235 El Camino Real | San Diego, CA 92130 | T: 213-369-3593 | gkaufman@wsgr.com | www.wsgr.com

---

**From:** Shannon, Luke T. <LShannon@taftlaw.com>
**Sent:** Monday, November 13, 2023 11:47 AM
**To:** Kaufman, Granville <gkaufman@wsgr.com>; Luhring, Alec <aluhring@wsgr.com>; Megan C. Haney <mch@PMHDELaw.com>; Jack Phillips <JCP@PMHDELaw.com>; Alul, Andrew M. <AAlul@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; cjkelly@mayerbrown.com; Racowski, Kenneth (PHL - X49580)

4

<Kenneth.Racowski@hklaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>
**Cc:** Blumenfeld, Jack <jblumenfeld@morrisnichols.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; wsgr - Azurity/Bionpharma (505) <Azuritybionpharma505@wsgr.com>
**Subject:** RE: Azurity/Bionpharma (Epaned): Hearing Follow-Up

EXT - lshannon@taftlaw.com

---

Counsel:

Further to my email, below, attached hereto please find a revised version of the draft joint letter we circulated last Wednesday. Please provide us with any further edits to the letter by no later than 1 PM EDT tomorrow; otherwise, we plan on approaching the Court with our own version of the letter.

Best regards,
Luke

---

**From:** Shannon, Luke T. <LShannon@taftlaw.com>
**Sent:** Monday, November 13, 2023 11:48 AM
**To:** Kaufman, Granville <gkaufman@wsgr.com>; Luhring, Alec <aluhring@wsgr.com>; Megan C. Haney <mch@PMHDELaw.com>; Jack Phillips <JCP@PMHDELaw.com>; Alul, Andrew M. <AAlul@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; cjkelly@mayerbrown.com; Racowski, Kenneth (PHL - X49580) <Kenneth.Racowski@hklaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>
**Cc:** Blumenfeld, Jack <jblumenfeld@morrisnichols.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; wsgr - Azurity/Bionpharma (505) <Azuritybionpharma505@wsgr.com>
**Subject:** RE: Azurity/Bionpharma (Epaned): Hearing Follow-Up

Counsel, that is not what the parties discussed. As you and your colleagues well know, Bionpharma marked many of the prosecution histories in Azurity's enalapril liquid patent family at Dr. Mosher's deposition, and we need all of those authenticated.

As the parties cannot come to an agreement on this issue, we plan on including it in the draft joint letter requesting a discovery dispute teleconference. We will circulate a new draft shortly.

Best regards,
Luke

---

**From:** Kaufman, Granville <gkaufman@wsgr.com>
**Sent:** Monday, November 13, 2023 11:23 AM
**To:** Shannon, Luke T. <LShannon@taftlaw.com>; Luhring, Alec <aluhring@wsgr.com>; Megan C. Haney <mch@PMHDELaw.com>; Jack Phillips <JCP@PMHDELaw.com>; Alul, Andrew M. <AAlul@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; cjkelly@mayerbrown.com; Racowski, Kenneth (PHL - X49580) <Kenneth.Racowski@hklaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>
**Cc:** Blumenfeld, Jack <jblumenfeld@morrisnichols.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; wsgr - Azurity/Bionpharma (505) <Azuritybionpharma505@wsgr.com>
**Subject:** RE: Azurity/Bionpharma (Epaned): Hearing Follow-Up

Counsel,

5

What the parties discussed last was a reciprocal authentication stipulation on some basic documents.  To that end, Azurity proposes that the parties stipulate to the authenticity of the following documents:

- The '023 Patent (i.e., SLVGT-EPA_0107344-369)
- The File History for the '023 Patent (i.e., SLVGT-EPA_0111667-891)
- The '405 Patent (i.e., SLVGT-EPA_0107480-506)
- The File History for the '023 Patent (i.e., SLVGT-EPA_0111892-2170)
- Bionpharma's ANDA (i.e., BION-ESOL-00000001-3041) and any supplements or amendments thereto (i.e., eCTD Sequence Nos. 0001 – Current)

Let us know if Bionpharma agrees.

Regards,

**Granville Clay Kaufman| Associate | Wilson Sonsini Goodrich & Rosati, Professional Corporation**
12235 El Camino Real | San Diego, CA 92130 | T: 213-369-3593 | gkaufman@wsgr.com | www.wsgr.com

---

**From:** Shannon, Luke T. <LShannon@taftlaw.com>
**Sent:** Friday, November 10, 2023 3:36 PM
**To:** Luhring, Alec <aluhring@wsgr.com>; Callahan, Ty <tcallahan@wsgr.com>; Megan C. Haney <mch@PMHDELaw.com>; Jack Phillips <JCP@PMHDELaw.com>; Alul, Andrew M. <AAlul@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; cjkelly@mayerbrown.com; Racowski, Kenneth (PHL - X49580) <Kenneth.Racowski@hklaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>
**Cc:** Blumenfeld, Jack <jblumenfeld@morrisnichols.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; wsgr - Azurity/Bionpharma (505) <Azuritybionpharma505@wsgr.com>
**Subject:** RE: Azurity/Bionpharma (Epaned): Hearing Follow-Up

EXT - lshannon@taftlaw.com

---

Counsel:

We write to follow up on something that appears to have fallen through the cracks.  As you may recall, in my September 8 email (below), we raised the issue of Dr. Mosher's inability to authenticate the file histories entered into the record of his deposition (despite the fact that Azurity had designated Dr. Mosher to testify in response to Bionpharma Topic Nos. 1-3, and Azurity's representation to the Court that it "will provide a witness" "to authenticate the patents and prosecutions histories."  21-1286 D.I. 359, Azurity's 7/12/23 Ltr. at 3 n.3).  In what we thought was an attempt to rectify this, both at Dr. Mosher's deposition and during the parties September 13 meet and confer, Azurity represented that it would stipulate to the authenticity of those file histories, although we have yet to receive a draft stipulation.

Please provide us with a draft stipulation for review by no later than close of business next Monday, November 13.  If Azurity fails to provide us with a draft stipulation for review, we intend to move to compel Azurity to produce a witness to authenticate the file histories.

Best regards,
Luke

---

**From:** Shannon, Luke T. <LShannon@taftlaw.com>
**Sent:** Tuesday, September 12, 2023 12:39 PM
**To:** Luhring, Alec <aluhring@wsgr.com>; Callahan, Ty <tcallahan@wsgr.com>; Megan C. Haney

<mch@PMHDELaw.com>; Jack Phillips <JCP@PMHDELaw.com>; Alul, Andrew M. <AAlul@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; cjkelly@mayerbrown.com; Racowski, Kenneth (PHL - X49580) <Kenneth.Racowski@hklaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>
**Cc:** Blumenfeld, Jack <jblumenfeld@morrisnichols.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; wsgr - Azurity/Bionpharma (505) <Azuritybionpharma505@wsgr.com>
**Subject:** RE: Azurity/Bionpharma (Epaned): Hearing Follow-Up

Alec, in the future, please be sure to circulate dial-in information for any meet and confers to all of Bionpharma's litigation counsel team members, including, me, Andy Alul, Jack Phillips, Megan Haney, Chris Kelly, Ken Racowski, Aaron Johnson, and Roshan Shrestha.

Best regards,
Luke


**Luke T. Shannon,** Of Counsel
Intellectual Property
Direct: 312.836.4115 | Office Ext: 34115
Taft Office: Chicago

---

**From:** Luhring, Alec <aluhring@wsgr.com>
**Sent:** Monday, September 11, 2023 2:35 PM
**To:** Shannon, Luke T. <LShannon@taftlaw.com>; Callahan, Ty <tcallahan@wsgr.com>; Megan C. Haney <mch@PMHDELaw.com>; Jack Phillips <JCP@PMHDELaw.com>; Alul, Andrew M. <AAlul@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; cjkelly@mayerbrown.com; Racowski, Kenneth (PHL - X49580) <Kenneth.Racowski@hklaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>
**Cc:** Blumenfeld, Jack <jblumenfeld@morrisnichols.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; wsgr - Azurity/Bionpharma (505) <Azuritybionpharma505@wsgr.com>
**Subject:** RE: Azurity/Bionpharma (Epaned): Hearing Follow-Up

Counsel,

Thank you for confirming your availability to meet and confer. We will send an invite for 4:30pm ET tomorrow. Please be ready to discuss the following issues on tomorrow's meet and confer which have each been raised in prior emails:

- Court ordered discussion regarding an antitrust schedule
- The issues relating to Novitium's deficient responses to Azurity's RFPs and 30(b)(6) Topics
- Bionpharma's deficient response to Azurity ROG No. 13
- Bionpharma's deficient response to Azurity's RFA No. 1
- Why Bion refuses to provide Bates numbers of docs that were "overredacted"
- When will Bion produce the documents from the Bion-CoreRx SDNY productions
- Bionpharma and Novitium's delay in identifying 30(b)(6) witnesses and topics
- Whether Bionpharma will supplement its damages production and when

Best,
Alec

---

**From:** Shannon, Luke T. <LShannon@taftlaw.com>
**Sent:** Friday, September 8, 2023 11:24 PM
**To:** Callahan, Ty <tcallahan@wsgr.com>; Megan C. Haney <mch@PMHDELaw.com>; Jack Phillips

7

<JCP@PMHDELaw.com>; Alul, Andrew M. <AAlul@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; cjkelly@mayerbrown.com; Racowski, Kenneth (PHL - X49580) <Kenneth.Racowski@hklaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>
**Cc:** Blumenfeld, Jack <jblumenfeld@morrisnichols.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; wsgr - Azurity/Bionpharma (505) <Azuritybionpharma505@wsgr.com>
**Subject:** RE: Azurity/Bionpharma (Epaned): Hearing Follow-Up

EXT - lshannon@taftlaw.com

---

Counsel:

We have reviewed the Court's order from yesterday on the disputes heard during the September 6 hearing, as well as the transcript from the hearing, and find no order from the Court requiring Bionpharma to identify for Azurity the documents **in Azurity's own production** that Azurity has improperly redacted for non-responsiveness and relevance so that Azurity may re-produce only those documents without improper redactions.  The "around the 150 documents" comment from Bionpharma's counsel at the hearing was based on a quick, non-exhaustive search we carried out shortly before the hearing, but it was in no way intended to limit the universe of documents that Azurity needs to re-produce without improper redactions.  Azurity is itself in the best position to know which documents from **its own production** that it has improperly redacted for relevance or non-responsiveness, not Bionpharma.  Thus, we ask that you immediately comply with the Court's order from yesterday requiring Azurity to "re-produce any documents that were redacted for relevancy or responsiveness with those relevancy or responsiveness redactions removed."  21-1286 D.I. 412, 9/7/23 Order ¶ 10.

Next, Bionpharma will not confirm that it "will produce by September 15 all the documents that were produced in the Bionpharma-CoreRx SDNY litigation."  We are certainly working towards complying with the Court's directive on these documents, but as the Court recognized on Wednesday, Bionpharma will need time to comply.  *See* 9/6/23 Hr'g Tr. at 32:20-24.  Your demand that Bionpharma produce the SDNY action documents Azurity seeks within eight days from the Court's September 7th Order is unrealistic, as with many of Azurity's other demands.  Bionpharma will produce the SDNY action documents Azurity seeks in due course.

Pursuant to Paragraph 13 of the Court's September 7 Order, Bionpharma discloses that, based on a reasonable search and inquiry, Jim Gale continued to sit on the board of CoreRx following the NovaQuest/QHP acquisition until December 16, 2021.  No other Bionpharma board members continued to sit on the board of CoreRx after the NovaQuest/QHP acquisition.

As noted in Aaron Johnson's letter from today, and in my previous email, we are available on Tuesday, September 12, 2023, at 4:30 PM EDT, to meet and confer concerning Bionpharma's objections and response to Azurity ROG No. 13, and Novitium's objections and responses to Azurity's first set of RFPs to Novitium.  We ask that Azurity be prepared to meet and confer at that time regarding:  (1) Azurity's deficient responses to Bionpharma's first set of RFAs; (2) Azurity's refusal to produce documents concerning the Annora settlement agreement; (3) Azurity's refusal to search for and produce documents concerning Novitium and the disputed issues in these Third Wave Suits; and (4) a schedule for the antitrust case going forward, as required by Paragraph 8 of the Court's September 7 Order.

Next, as you well know, Bionpharma moved to compel Azurity to produce witnesses to testify as to the full scope of Bionpharma 30(b)(6) Topic Nos. 1-3, including a witness to authenticate file histories.  21-1286 D.I. 358, 7/11/23 Bionpharma Ltr.  In its response, Azurity represented to the Court that it "will provide a witness" "to authenticate the patents and prosecutions histories."  21-1286 D.I. 359, Azurity's 7/12/23 Ltr. at 3 n.3.  Azurity ultimately designated Dr. Mosher to testify on Bionpharma Topic Nos. 1-3, but Dr. Mosher was unable to authenticate any of the file histories put in front of him during his deposition on Thursday.  Please immediately provide us with a stipulation authenticating those file histories, or please be ready to meet and confer on this issue next Tuesday, as Bionpharma will seek relief from the Court regarding Azurity's misrepresentation.

In response to Alec Luhring's email from today, Novitium stands by its objections and responses to Azurity's 30(b)(6) notice.  We are able to meet and confer on those objections and responses next Tuesday, at 4:30 PM EDT as well.

Regarding depositions, we are unfortunately unable to proceed with Mr. Terrifay's deposition on September 19.  Please provide us with alternative dates in September for Mr. Terrifay's deposition, as well as a location for his deposition.  From his LinkedIn page, it appears that Mr. Terrifay might reside in the Philadelphia area.  If so, we could provide a conference room for his deposition at Holland & Knight's office.

We will strive to get you the 30(b)(6) topics Mr. Venkat Krishnan will be designated to testify on by Monday, September 11.

Please circulate a dial-in for the meet and confer next Tuesday.

Best regards,
Luke



**Luke T. Shannon**
Of Counsel
LShannon@taftlaw.com
**Dir:** 312.836.4115
**Tel:** 312.527.4000   |   **Fax:** 312.527.4011
111 E. Wacker Drive, Suite 2600
Chicago, Illinois 60601-4208

**taftlaw.com**

This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

---

**From:** Callahan, Ty <tcallahan@wsgr.com>
**Sent:** Thursday, September 7, 2023 9:05 PM
**To:** Megan C. Haney <mch@PMHDELaw.com>; Jack Phillips <JCP@PMHDELaw.com>; Alul, Andrew M. <AAlul@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; cjkelly@mayerbrown.com; Racowski, Kenneth (PHL - X49580) <Kenneth.Racowski@hklaw.com>; Shannon, Luke T. <LShannon@taftlaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>
**Cc:** Blumenfeld, Jack <jblumenfeld@morrisnichols.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; wsgr - Azurity/Bionpharma (505) <Azuritybionpharma505@wsgr.com>
**Subject:** Azurity/Bionpharma (Epaned): Hearing Follow-Up

Counsel,

We write to follow up on issues from yesterday's hearing:

First, as stated in separate correspondence (*see* 09/07/23 email from A. Luhring), please immediately provide the Bates numbers for the "around 150 documents" that Bionpharma alleges were over-redacted for "non-responsiveness" so that Azurity can reproduce them on an outside-counsel-eyes-only.

9

Second, please confirm that Bionpharma will produce by September 15 all the documents that were produced in the Bionpharma-CoreRx SDNY litigation.

Third, pursuant to the Court's order (D.I. 412, ¶ 13), please provide as soon as possible "the dates during which a [Bionpharma] director sat on both the boards of Bionpharma and CoreRx after NovaQuest's purchase of a controlling interest in CoreRx."

Finally, we reiterate our request (*see* 09/06/23 email from A. Luhring) that Bionpharma provide its availability on Monday, September 11 and on Tuesday, September 12 to meet and confer regarding the case schedule for Bionpharma's antitrust counterclaims as directed by the Court (in addition to the other issues for which Azurity has been requesting a meet and confer for two weeks).

Regards,



**Ty W. Callahan | Wilson Sonsini Goodrich & Rosati**
6633 West Fifth Street, Suite 1550 | Los Angeles, CA 90071-2027 | direct: 323.210.2934 | tcallahan@wsgr.com

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.